**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

EUGENE SMITH,

          Plaintiff,

vs.                                                    Case No. 5:10-cv-168-Oc-32JRK

OCALA INN MANAGEMENT, INC.
d/b/a GOLDEN PALMS INN & SUITES,

          Defendant.

## ORDER

Plaintiff, Eugene Smith (Smith) sues Defendant, Golden Palms Inn & Suites (Palms) for race discrimination under 42 U.S.C. § 1981 arising out of his firing and its failure to pay him wages due. (Doc. 1).

This case is before the Court on Golden Palms' Motion to Dismiss (Doc. 7) for failure to state a claim upon which relief can be granted. Smith has filed a Response in Opposition. (Doc. 9).

**I    Facts**

Smith alleges in brief that Yasmin Thariani, an agent for Golden Palms, hired and fired him. (Doc. 1 at ¶¶ 20-22, 27-28, 35, 40-46). Thariani promised forty hours of work per week and promised to pay Smith. (Doc. 1 at ¶¶ 24-25). When Smith complained that he was not being paid for his work, Thariani allegedly fired him saying, "That is why we don't hire people your color." (Doc. 1 at ¶ 40). When Smith asked for clarification. Thariani repeated, "Like I said that's why we don't hire people of your color." (Doc. 1 at ¶¶ 44-45).

**II      Dismissal Standard**

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief . . . [.]" Fed. R. Civ. P. 8(a)(2) (2010).  A plaintiff's "failure to state a claim upon which relief can be granted . . ." may be challenged by a motion to dismiss.  Fed. R. Civ. P. 12(b)(6)(2010).  The Supreme Court recently revamped the standard for dismissals in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Iqbal found that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility," the Supreme Court found, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. At 1949.  That inquiry, Iqbal held, "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**III     Discussion**

Palms makes two principal arguments in its motion to dismiss: First, Palms argues that, "[t]he only fact which explains [Smith's] alleged termination was Plaintiff's complaint about pay." (Doc. 7 at 4).  In short, Palms argues that because Smith was black when he was hired by Thariani, he cannot possibly have been fired because he was black. (Doc. 7 at 4).  Under that logic it seems a plaintiff seeking to allege discrimination would always have to prove that his employer first developed racist attitudes after hiring him.  Such a burden is not required by the caselaw.

Second, Palms claims that Smith alleges a retaliation claim under § 1981. (Doc. 7 at

4). Because, says Palms, Smith complained of wages rather than discrimination prior to being fired, Smith's retaliation claim fails. (Doc. 7 at 3-4). According to Palms, retaliation claims are only supported where a Plaintiff had complained of race discrimination and was fired for it. (Doc. 7 at 4). Since, argues Palms, Smith could not have been fired except because of his complaint about pay, the retaliation claim must fail. (Doc. 7 at 4). Nowhere in Smith's complaint, however, does the word "retaliation" appear. The word that does appear frequently in connection with his claim is "discrimination." (Doc. 1 at ¶¶ 6, 30, 31, 38).

"To make out a prima facie case of racial discrimination a plaintiff must show (1) [he] belongs to a protected class; (2) [he] was qualified to do the job; (3) [he] was subjected to adverse employment action; and (4) [his] employer treated similarly situated employees outside [his] class more favorably." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008). Even though Crawford was primarily a Title VII case, "the legal elements of the claims [under Title VII and sections 1983 and 1981] are identical" and need not be discussed separately. 529 F.3d at 970 (quoting Stallworth v. Shuler, 777 F.2d 1431, 1433 (11th Cir. 1985)).

Although the Complaint is not a model of pleading, taking all the allegations of fact put forward by Smith as true, this Court finds that he has sufficiently alleged that he was: (1) black; (2) qualified to do the job; (3) fired; and (4) fired on account of his race. (Doc. 1 at ¶¶ 8, 10, 12-14, 20, 40, 45). Though the burden to eventually prove the facts alleged remains upon Smith, Smith's allegations, when assumed true, present a plausible case of discrimination.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 7) is **DENIED**.  Defendant shall file and serve its answer to Plaintiff's complaint no later than November 30, 2010.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bt.
Copies:

counsel of record